**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SATORI, LLC,**

                        **Plaintiff,**                    **1:10-cv-579
                                                                   (GLS/RFT)**

                           **v.**

**PRODEMA, LLS;
and CAVERSHAM, LLC**

                        **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Bridget E. Butler<br>12 Desbrosses Street<br>New York, NY 10013 | BRIDGET E. BUTLER, ESQ. |
| **FOR THE DEFENDANTS:** | |
| *Prodema, LLS*<br>Law Offices of Joshua L. Dratel, PC<br>2 Wall Street<br>3rd Floor<br>New York, NY 10005 | JOSHUA L. DRATEL, ESQ. |
| *Caversham, LLC*<br>Augustine, Eberle Law Firm<br>90 Broad Street<br>25th Floor<br>New York, NY 10004 | MARK J. EBERLE, ESQ. |

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Satori, LLC ("Satori") commenced this action against defendants Prodema, LLS ("Prodema") and Caversham, LLC ("Caversham"), seeking enforcement of a foreign money judgment granted by the Arbitrazh Court of the City of Moscow, pursuant to Article 53 of the New York Civil Practice Law and Rules.  (*See* Compl. ¶ 3, Dkt. No. 1.)  Pending are Prodema and Caversham's motions to dismiss.  (Dkt. Nos. 16, 34.)  For the reasons that follow, Caversham's motion to dismiss is granted; the Court reserves judgment on Prodema's motion.

### **II. Background**

**A.     Factual History[1]**

Satori, LLC, is a Russian legal entity primarily focused on construction contracting.  (Compl. ¶ 1 n.1, Dkt. No. 1.)  In September 2003, Satori entered into a construction contract with Prodema, a Wyoming limited liability company.  (*Id.* ¶ 9.)  Satori claimed that Prodema breached the contract by "using another's money resources" between February 11,

---

[1] The facts are drawn from Satori's Complaint and presented in a light most favorable to it.  (*See* Compl., Dkt. No. 1.)

2

2005, and October 10, 2005.  (*Id.*)  In accordance with the contract's forum selection clause, Satori brought the dispute to the Arbitrazh Court of the City of Moscow ("Russian Court").  (*Id.* ¶ 10.)

Satori avers that Prodema "was served adequate notice of the requisite hearing on the matter but failed to appear."  (*Id.* ¶ 11.)  Based on Satori's "stipulated facts," the Russian Court, applying Russian Federation law, entered a default judgment against Prodema on May 25, 2007, in the amount of $914,634.61.  (*Id.* ¶¶ 10-11.)  Thereafter, Prodema was given one month to appeal the judgment, but failed to do so.  (*Id.* ¶ 3.)

Defendant Caversham, a New York limited liability company, is listed as a managing entity of Prodema.  (*Id.* ¶ 1 n.1.)  Satori alleges that Caversham controlled and directed Prodema at the time of the default judgment.  (*Id.* ¶ 14.)  Furthermore, it states: "There is no evidence to show that [Prodema] was ever doing business, [as] an independent entity, or, [] keeping sufficient corporate records, in accordance with Wyoming code."  (*Id.* ¶ 14.)  In support this of allegation, Satori avers that its investigation of Prodema's Wyoming operation "revealed only a vacant storefront with no business being conducted at that site."  (*Id.* ¶ 5.)

Satori now asks the court to conclude (1) that the judgment against

3

Prodema is a foreign money judgment entitled to recognition and enforcement in New York; (2) that the judgment is enforceable against Caversham; and (3) that a money judgment order in the amount of $914,634.61 should be entered against Caverhsam.  (*Id.* at 6.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

**A.   CAVERSHAM'S MOTION TO DISMISS[2]**

Caversham asserts several theories in support of its motion, including that the foreign money judgment is "barred by the applicable Russian statute of limitations"; that enforcement of the judgment would be unconstitutional against Caversham, a non-party to the Moscow action; and finally, that Satori failed to make a *prima facie* showing under Article 53 of

---

[2] The court, pursuant to its diversity jurisdiction, applies New York law to Satori's claims under the N.Y. Civil Practice Law and Rules.  *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

4

the NY CPLR.[3]  (*See generally* Dkt. No. 34, Attach. 6.)  The court finds the last ground to be dispositive, and in so doing, declines to address the proposed alternative theories.

Applying the principle of comity, New York enacted Article 53 of the CPLR to allow recognition of foreign money judgments.  *See* N.Y. C.P.L.R. §§ 5301-5305 (McKinney 1997).  Recognition hinges on the satisfaction of several factors including a showing—by the plaintiff—that: (1) the judgment is conclusive "between the parties"; and (2), the foreign court had personal jurisdiction over the defendant in the foreign action.  *See* N.Y. C.P.L.R. §§ 5302-5304.  Satori's claim against Caversham fails on both prongs.

Here, it is evident that: Caversham and Prodema are separate legal entities[4]; Caversham was not a party in the Russian case between Satori and Prodema; and the Russian Court did not have personal jurisdiction over Caversham.[5]  (*See generally* Dkt. Nos. 1, 32, 34, 38, 41, 42.)

---

[3] Notably, counsel for Satori, in her response to defendants' motions, does not address, with specificity (or in some instances at all), the defenses asserted by Caversham. (*See* Dkt. No. 38.)  Nonetheless, as Satori's response is tangentially related to the defenses raised, the court will subject Caversham's motion to the appropriate level of scrutiny for contested motions.

[4] Satori's allegation that there is "no evidence" that Prodema "was ever doing business, [as] an independent entity" is unpersuasive as Prodema is a legal entity organized under Wyoming law, and Caversham under New York law.  (Compl. ¶¶ 1 n.1, 14, Dkt. No. 1.)

[5] Satori's Complaint and response to defendants' motions to dismiss are devoid of any reference to the Russian Court's jurisdiction over Caverhsam.  (*See generally* Dkt. Nos. 1, 38.)

However, neither the text of Article 53, nor the principal case law interpreting it, support Satori's request to impose a foreign money judgment against a non-party.  *See CIBC Mellon Trust Co. v. Mora Hotel Corp. N.V.*, 296 A.D.2d 81, 88 (1st Dep't. 2002) (stating that a foreign judgment, rendered in the absence of personal jurisdiction over the defendant, is not conclusive), *aff'd*, 100 N.Y.2d 215 (2003).

Because Satori's claim against Caversham runs afoul of the purpose of Article 53 and the doctrine of comity on which it rests,  the court cannot permit Satori's claim against Caversham to proceed.[6]  *See S.C. Chimexim S.A., v. Velcro Enter. LTD*, 36 F. Supp. 2d 206, 210-212 (S.D.N.Y. 1999) (discussing the intent of Article 53 and the doctrine of comity as it relates to foreign judgments).  As such, Caversham's motion to dismiss is granted.

## B. SATORI'S PROPOSED AMENDED COMPLAINT

---

*See* N.Y. C.P.L.R. § 5305(a)(1)-(6), (b) (discussing additional basis of personal jurisdiction); *see, e.g., CIBC Mellon Trust Co. v. Mora Hotel Corp. N.V.*, 296 A.D.2d 81, 96 (1st Dep't. 2002), *aff'd*, 100 N.Y.2d 215 (2003) (New York courts have consistently held that subsection 5305(b) permits a court to recognize "any jurisdictional basis it recognizes in its internal law."); *Wimmer Can., Inc. v. Abele Tractor & Equip. Co., Inc.*, 299 A.D.2d 47, 49-52 (3d Dep't. 2002).

[6] Counsel for Satori avers that "as a matter of full, faith and credit, review by New York courts is limited to determining whether rendering court had jurisdiction . . . ." (Dkt. No. 38 at 6.)  In support, counsel cites *Fiore v. Oakwood Plaza Shopping Ctr., Inc.*, 78 N.Y.2d 572, 578 (1991), a case which addresses recognition of a Pennsylvania cognovit judgment.  The court is unpersuaded as the standards governing sister-state and foreign judgments are incongruous.  *See, e.g., Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895) (discussing the doctrine of comity).

Satori seeks leave to amend its Complaint under Fed. R. Civ. P. 15(a).[7] (*See* Dkt. No. 38, Ex. E.)  In response, Caversham and Prodema aver that an amended complaint would be ineffectual, as the defects in Satori's Complaint are "substantive in nature."  (Dkt. Nos. 41 at 10, 42 at 10.)  The court, with respect to Caversham, agrees.

As discussed above, it is incontrovertible that Caversham was not a party in the Russian case.  (*See generally* Dkt. Nos. 1, 32, 34, 38, 41, 42.)  Indeed, a review of the Russian Court's decision makes no reference to Caversham at all.  (Dkt. No. 34, Attach. 3.)  Because Satori cannot rewrite history, its proposed amended complaint is futile with respect to its claim against Caversham.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Accordingly, Satori's request for leave to amend is denied in regard to Caversham only; the court reserves judgment on Satori's request for leave with respect to Prodema.

## C.   REMAINING CLAIM AGAINST PRODEMA

Before addressing Prodema's motion to dismiss, the court must

---

[7] Albeit not in accordance with the local rules, Satori attached a proposed Amended Complaint to its response to defendants' motions. (*See* Dkt. No. 38, Ex. E.)

7

consider, *inter alia*, whether the Northern District of New York, or any judicial district in the United States, is still the proper venue for this case. *See* 28 U.S.C. § 1391. To this end, the court invites the parties to submit supplemental briefings on the issue of venue.[8] Should the parties wish to do so, they may, in accordance with the rules, file their supplemental briefs within seven (7) days of the date of this memorandum-decision and order. Accordingly, the court reserves judgment on Prodema's motion to dismiss.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Caversham's motion to dismiss (Dkt. No. 34) is **GRANTED** and all claims against Caversham are **DISMISSED**; and it is further

**ORDERED** that Caversham is terminated from the action; and it is further

**ORDERED** that should the parties wish to do so, they may, in accordance with the rules, file supplemental briefs on the issue of venue

---

[8] Based on the record, the court is hard pressed to sustain this action. In considering the proper venue, a dismissal for *forum non conveniens* may be warranted as the requisite connection to New York appears to be lacking. However, should the parties insist that venue is proper in New York, the supplemental briefs must cite the authority for such.

within seven (7) days of the date of this memorandum decision-order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 22, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge