**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SATORI, LLC,**

                        **Plaintiff,**                    **1:10-cv-579**
                                                    **(GLS/RFT)**

            **v.**

**PRODEMA, LLS,**

                        **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Bridget E. Butler          BRIDGET E. BUTLER, ESQ.
12 Desbrosses Street
New York, NY 10013

**FOR THE DEFENDANT:**
Law Offices of Joshua L. Dratel, PC      JOSHUA L. DRATEL, ESQ.
2 Wall Street
3rd Floor
New York, NY 10005

**Gary L. Sharpe**
**District Court Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

### I. <u>Introduction</u>

Plaintiff Satori, LLC ("Satori") commenced this action against

defendants Prodema, LLS ("Prodema") and Caversham, LLC

("Caversham"), seeking enforcement of a foreign money judgment granted

by the Arbitrazh Court of the City of Moscow, pursuant to Article 53 of the New York Civil Practice Law and Rules.  (*See* Compl. ¶ 3, Dkt. No. 1.)  On September 22, 2011 the court issued a memorandum-decision and order granting Caversham's motion to dismiss and terminating it as a party.  (*See* Dkt. No. 58.)  In so doing, the court reserved judgment on Prodema's motion to dismiss and invited Satori and Prodema to submit supplemental briefings on the issue of venue.  (*See id.* at 8.)

Both parties accepted the court's invitation and filed their briefs on September 29, 2011.  (*See* Dkt. Nos. 59, 60).  In addition to its brief, Satori also filed a motion to supplement its pleadings through jurisdictional discovery.  (*See* Dkt. No. 60.)   For the reasons that follow, Prodema's motion to dismiss is granted, and Satori's motion to supplement is denied.

## II.  <u>Background</u>

For a complete discussion of the facts underlying this dispute, the court refers the parties to its memorandum-decision and order of September 22, 2011.  (*See* Dkt. No. 58 at 2-4.)

## III.  <u>Standard of Review</u>

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.  For a full discussion of the standard, the

2

court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

In light of the dismissal of Caversham from this action, the court noted that venue in the Northern District of New York may no longer be proper. (*See* Dkt. No. 58 at 8.) Instead of dismissing on this ground *sua sponte*, the court opted to provide the parties with notice and an opportunity to be heard on the issue of venue. (*Id.*) Accordingly, Prodema now avers that the Northern District of New York is an improper venue.[1] (*See* Dkt. 59 at 4.) The court agrees.

Under the general venue statute for diversity actions, venue is only proper:

> [I]n (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the

---

[1] Satori's argument that Prodema's failure to raise venue in its earlier filings constitutes a waiver of that defense is unavailing. (*See* Dkt. No. 60 at 1.) Under Rule 12(b), a motion for, *inter alia*, improper venue, must only be made before a responsive pleading. Fed. R. Civ. P. 12(b). Moreover, a defense is not waived if it is joined "with one or more other defenses . . . in a motion." *Id.* Because Prodema has not filed an Answer, it did not waive the defense of improper venue.

3

action may otherwise be brought.

28 U.S.C. § 1391(a).  Here, it is undisputed that the Northern District of

New York is neither Prodema's residence, nor "a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred,

or a substantial part of property that is the subject of the action is situated."

*Id.*  Furthermore, the fact that Prodema is a corporate citizen of Wyoming

demonstrates that another district exits in which this action may be

brought.[2]  Accordingly, Prodema's motion to dismiss for improper venue is

granted and all claims against it are dismissed.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Prodema's motion to dismiss (Dkt. No. 16) is

**GRANTED** and all claims against Prodema are **DISMISSED**; and it is

further

**ORDERED** that Satori's motion to supplement its pleadings through

---

[2]  To avoid dismissal, Satori alleges—for the first time—that Prodema maintains a bank account at "Citibank, New York, New York," and made payments to Satori from that account. (*See* Dkt. No. 60 at 6.)  While these allegations may support venue in the Southern District of New York, they are irrelevant in determining whether the Northern District of New York is an appropriate venue.  Moreover, Satori's claim that there is "likely" evidence that Prodema conducted "business activity" in the Northern District of New York is insufficient to warrant jurisdictional discovery.  As such, Satori's motion is denied.  (*See* Dkt. No. 60.)

jurisdictional discovery (Dkt. No. 60) is **DENIED**; and it is further

      **ORDERED** that the Clerk close this case; and it is further

      **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**


September 30, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge